IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GENERAL SMITH, III,**

    Petitioner,

    v.

**WARDEN SHERRY DUFFY,**

    Respondent.

CASE NO. 2:14-CV-00554
JUDGE SMITH
MAGISTRATE JUDGE KING

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's *Motion for Bond,* Doc. No. 2. Respondent opposes Petitioner's motion, *Response in Opposition*, Doc. No. 6. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Petitioner's *Motion for Bond,* Doc. No. 2, be **DENIED.**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> In case No. 03CR-05-3195, appellant was found guilty on February 20, 2004, of aggravated robbery and a one-year firearm specification. On October 18, 2007, appellant filed a motion to vacate his guilty plea or, in the alternative, motion for new trial. On November 29, 2007, the parties disposed of the motion by entering into an agreement, in which it was agreed, among other things, that appellant would plead guilty to aggravated robbery without firearm specification and attempted having a weapon while under a disability, and the parties would enter a joint recommendation as to a total sentence of nine years and six months. The trial court issued a judgment entry on December 6, 2007, with regard to such. On December 1, 2008, appellant was granted judicial release with community control for a period of two years.

> On April 30, 2009, appellant was charged with four counts of robbery in case No. 09CR-04-2547. On May 27, 2009, the probation department requested revocation of appellant's community control in case No. 03CR-05-3195 due to the offenses in case No. 09CR-04-2547. On January 27, 2010, with regard to case No. 09CR-04-2547, a judgment was entered in which appellant pleaded guilty to attempted felonious assault, which was characterized as a lesser-included offense of robbery. The trial court sentenced appellant to a prison term of four years.
>
> Also on January 27, 2010, the trial court issued a judgment revoking appellant's community control in case No. 03CR-05-3195. The court imposed a prison term of nine years on the aggravated robbery charge to be served consecutively to a six-month term on the attempted having a weapon while under disability charge. The trial court also ordered the sentence in case No. 03CR-05-3195 to be served consecutively to the term imposed in case No. 09CR-04-2547.

*State v. Smith*, Nos. 10AP-143; 10AP-144, 2010 WL3835772 (Ohio 10th App. Dist. Sept. 30, 2010).  On September 30, 2010, the appellate court affirmed the judgment of the trial court.  *Id*. On February 2, 2011, the Ohio Supreme Court dismissed the appeal.  *State v. Smith*, 127 Ohio St.3d 1536 (Ohio Feb. 2, 2011).  On June 11, 2014, Petitioner filed this action.  He complains that the state courts failed to vacate a void sentence and that the trial court lacked jurisdiction to grant Petitioner's motion to withdraw his guilty plea.  *Petition*, PageID# 2-3, Doc. No. 1.

In order to be released on bail pending a decision on the merits of a habeas petition, a petitioner must demonstrate (1) a substantial claim of law based on the facts surrounding the petition and (2) circumstances making the motion for bail "exceptional and deserving of special treatment in the interests of justice."  *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v. May*, 85 S.Ct. 3, 5, 13, 13 L.Ed.2d 6 (1964)). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Because a habeas petitioner "is appealing a presumptively valid state conviction ... it will indeed be the very unusual case where

a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). The record fails to reflect that this is such a case.

The Ohio Court of Appeals and the Ohio Supreme Court have affirmed Petitioner's convictions and sentences and this Court is unable to determine, at this juncture, whether the *Petition* may be time-barred. Petitioner has demonstrated neither a claim or facts that would warrant the extraordinary relief of release on bail.

The Magistrate Judge therefore **RECOMMENDS** that Petitioner's *Motion for Bond*, Doc. No. 2, be **DENIED.**

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of

the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

                 *s/ Norah McCann King*
                 Norah McCann King
                 United States Magistrate Judge

June 24, 2014