IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GENERAL SMITH III,

      Petitioner,

  v.

WARDEN, SOUTHEASTERN
CORRECTIONAL INSTITUTION,

      Respondent.

Case No. 2:14-cv-00554
Judge Smith
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on Petitioner's *Motion for Summary Judgment,* ECF 22, and *Motion for Temporary Injunction*, ECF 24. Respondent has filed responses to the motions,  *Response in Opposition*, ECF 23, *Response in Opposition,* ECF 25, and Petitioner has filed a reply in support of his *Motion for Temporary Injunction.  Reply*, ECF 26.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Petitioner's *Motion for Summary Judgment,* and *Motion for Temporary Injunction*, ECF 22, 24, be **DENIED.**

**Procedural History**

Petitioner challenges his convictions for aggravated robbery with a firearm specification and attempted felonious assault.in the Franklin County Court of Common Pleas in Case Nos. 03-CR-05-3195, and 09-CR-04-2547,  The Ohio Seventh District Court of Appeals, in its dismissal of Petitioner's state habeas corpus petition, summarized the relevant procedural history as follows:

> In 2004, Smith pleaded guilty to aggravated robbery with a one-year firearm specification in the Franklin County Common Pleas Court case number 03CR–3195. Several other charges, including a

1

charge of possession of a weapon while under disability, were dropped by the state. The court sentenced Smith to consecutive terms of imprisonment of nine years for the aggravated robbery conviction and one year for the firearm specification for an aggregate term of ten years. Smith appealed, challenging the legitimacy of his guilty plea, and the Tenth District Court of Appeals affirmed Smith's conviction and sentence. *State v. Smith*, 10th Dist. No. 04AP–326 (Feb. 24, 2005) (Memorandum Decision).

In 2007, Smith filed a motion in the Franklin County Common Pleas Court seeking to vacate his 2004 guilty plea. The state and Smith reached a negotiated agreement reducing Smith's sentence by six months. The court allowed Smith to withdraw his plea of guilty to aggravated robbery with a one-year firearm specification and instead plead guilty to aggravated robbery and attempted possession of a weapon while under disability. In accordance with the agreement, the court sentenced Smith to consecutive terms of imprisonment of nine years for the aggravated robbery conviction and six months for the attempted possession of a weapon while under disability conviction for an aggregate term of nine years and six months.

In 2008, the Franklin County Common Pleas Court granted Smith judicial release and placed him on community control for a period of two years.

In 2009, Smith was charged with four counts of robbery in Franklin County Common Pleas Court case number 09CR–2547. These new criminal charges prompted the probation department to request revocation of Smith's community control in the 2003 case (case no. 03CR–3195). The parties reached a plea agreement. Smith pleaded guilty to attempted felonious assault and the state dropped the remaining charges. The court sentenced Smith to a four-year term of imprisonment for the attempted felonious assault conviction. Concerning the 2003 case, the court found that Smith had violated the terms of his community control and reimposed the previously stated prison term of nine years and six months. The court ordered the 2004 nine-year and six-months sentence to be served consecutively to the 2009 four-year sentence.

Smith appealed his newest conviction and both sentences. The Tenth District overruled Smith's contention that his 2004 sentence was void, but remanded the matter to the trial court to review its calculation of jail time credit. *State v. Smith,* 10th Dist. Nos. 10AP–143, 10AP–144, 2010–Ohio–4744.

2

*Smith v. Buchanan*, No. 13-NO-399, 2013 WL 1804181, at *1 (Ohio App. 7th Dist. April 23, 2013). On February 13, 2014, and in dismissing Petitioner's appeal in his state habeas corpus action, the Ohio Supreme Court summarized Petitioner's other state collateral actions as follows:

> [E]ach time [Petitioner] loses in one forum, he commences litigation on the same issue in another court.
>
> In *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas,* 55 Ohio St.2d 94, 378 N.E.2d 162 (1978), this court held that Crim. R. 32.1 does not vest jurisdiction in a trial court to grant a motion to withdraw a guilty plea after the court of appeals has reviewed and affirmed the case. Based on *Special Prosecutors*, Smith argues that the trial court had no jurisdiction to accept his modified plea in 2007 or to resentence him.
>
> The Franklin County Court of Common Pleas has considered and rejected this argument twice. On February 3, 2011, Smith filed a motion to vacate his 2007 sentence based on *Special Prosecutors*. The trial court denied the motion. *Smith*, Franklin C.P. No. 03CR–3195 (Oct. 5, 2011). On May 22, 2012, Smith filed a "common law motion to vacate void judgment" and again argued the applicability of *Special Prosecutors*. And again the trial court denied the motion. *Smith*, Franklin C.P. No. 03CR–3195 (June 14, 2012).
>
> The Tenth District Court of Appeals has denied motions to vacate Smith's 2003 sentence based on *Special Prosecutors* at least three times: *State v. Smith*, 10th Dist. Franklin Nos. 10AP–143 and 10AP–144 (April 26, 2011), ¶ 3; *State v. Smith*, 10th Dist. Franklin No. 10AP–143 (June 28, 2011); *State v. Smith*, 10th Dist. Franklin Nos. 12AP–532 and 12AP–533 (March 19, 2013).
>
> The Seventh District Court of Appeals has considered this argument twice. In addition to the order from which Smith now appeals, that court previously ruled against him on the *Special Prosecutors* argument in 2012, stating that he had already challenged the validity of his 2007 conviction in an appeal and thus could not relitigate its validity in a habeas corpus action. *Smith v. State*, 7th Dist. Noble No. 11–NO–384, 2012-Ohio-1148, ¶ 11.
>
> In addition to multiple appeals to this court, Smith has commenced two prior original actions seeking writs of prohibition in this court, based on the same legal theory. The first, *Smith v. Sheward*, 130

3

> Ohio St.3d 1483, 2011-Ohio-6277, 958 N.E.2d 175, he voluntarily dismissed. This court dismissed the second case, *Smith v. Sheward,* 131 Ohio St.3d 1454, 2012-Ohio-648, 961 N.E.2d 1133, on the merits. That dismissal operates as a judgment on the merits. *See State ex rel. O'Donnell v. Vogelgesang*, 91 Ohio App.3d 585, 587–588, 632 N.E.2d 1367 (12th Dist.1993).
>
> In its 2013 decision, the Tenth District Court of Appeals expressed the view that "any further challenges to the validity of those judgments would likely be frivolous in nature." *Smith*, 10th Dist. Franklin Nos. 12AP–532 and 12AP–533, at ¶ 25. And in the order appealed from in this case, the Seventh District expressly commented that Smith already had multiple opportunities to litigate his *Special Prosecutors* claim. *Smith v. Buchanan*, 2013-Ohio-1746, 2013 WL 1804181, ¶ 11.
>
> Smith has had ample opportunity to litigate this claim, and *res judicata* now bars his latest attempt.

*Smith v. Buchanan*, 138 Ohio St.3d 364 (2014).

**Motion for Summary Judgment**

On June 11, 2014, Petitioner filed this habeas corpus action pursuant to 28 U.S.C. § 2254. He asserts that the judgment of the state trial court is void, and that the trial court lacked jurisdiction and unconstitutionally failed to reinstate the terms of his initial sentence. Petitioner seeks summary judgment on these claims. *Motion for Summary Judgment,* ECF 22.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: citing to particular parts of materials in the record or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A), (B). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which

4

demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986) (quoting Fed.R.Civ.P. 56(e)). The Court views the facts and any inferences that can be drawn from them in the light most favorable to the nonmoving party. *Jeter v. Ahmed,* No. 1:13-cv-244, 2014 WL 1961919, at *1 (S.D. Ohio May 15, 2014)(quoting *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007)) (internal quotation marks omitted). The Court will consider Petitioner's *Motion for Summary Judgment,* ECF 22, by reference to this standard.

Petitioner maintains that the uncontested facts establish that he is entitled to habeas corpus relief because Respondent does not dispute any material fact but instead asserts "only . . . affirmative defenses that did not apply." *Motion for Summary Judgment*, ECF 22, PageID# 1561.

Summary judgment is disfavored in federal habeas corpus proceedings. *See Ruff v. Jackson,* No. 1:04–cv–014, 2005 WL 1652607, at *2 (S.D. Ohio June 29, 2005)(Summary judgment is "tantamount to granting Petitioner a default judgment which is relief that is unavailable in habeas corpus proceedings.")(quoting *Alder v. Burt*, 240 F.Supp.2d 651, 677 (E.D. Mich. 2003) (internal citation omitted)). A petitioner seeking summary judgment must at a minimum satisfy the requirements of Rule 56 of the Federal Rules of Civil Procedure. *Franklin v. Mansfield Corr. Inst*., No. 3:04–cv–187, 2006 U.S. Dist. LEXIS 51521, at *2, 2006 WL 2128939 (S.D. Ohio July 27, 2006) (citing *Blackledge v. Allison*, 431 U.S. 63, 80–81 (1977), *Browder v. Director*, 434 U.S. 257, 266, n. 10 (1978)). Petitioner has failed to do so here. Respondent argues that Petitioner's claims are time barred, procedurally defaulted, or without

merit. Respondent's defenses – which if established will foreclose habeas relief - have not yet been resolved. Under these circumstances, summary judgment in Petitioner's favor is unwarranted.

**Motion for Temporary Injunction**

In his *Motion for Temporary Injunction*, ECF 24, Petitioner seeks to enjoin the execution of the sentence imposed in connection with his conviction for attempted felonious assault in 09-CR-04-2547. Interim injunctive relief is an extraordinary remedy that should be granted only after a court has carefully considered the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*), quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)). "Injunctive relief is not a typical remedy in habeas cases, since the authority of the court to order a custodian to take action in a habeas case in many ways overlaps the scope of relief that can be ordered *via* an injunction." *Phillips v. Smith*, 2010 WL 2291143, at *3 (N.D. Ohio June 2, 2010)(citing *Hacker v. Federal Bureau of Prisons*, 450 F.Supp.2d 705, 709 (E.D. Mich. 2006)).

Petitioner contends that he will suffer irreparable harm should he be denied interim injunctive relief because he is serving a sentence that has already expired and because he is actually innocent of the charge on which he stands convicted in 09-CR-04-2547. *Motion for Temporary Injunction*, ECF 24, PageID# 1567. He argues that his claims are meritorious and

denies that those claims are time-barred or procedurally defaulted. *Reply*, ECF 26, PageID# 1579.

Petitioner has failed to establish that interim injunctive relief is warranted. The state courts have affirmed his convictions and have repeatedly denied the claims that Petitioner raises in these proceedings. Further, if, as Respondent argues, Petitioner's claims are time-barred or procedurally defaulted, this Court will not even reach the merits of Petitioner's claims. On this record, and at this juncture, it cannot be said that Petitioner has established a strong likelihood of success on the merits of his claims. Under these circumstances, Petitioner has not established a right to interim injunctive relief.

**Recommended Disposition**

The Magistrate Judge **RECOMMENDS** that Petitioner's *Motion for Summary Judgment,* ECF 22, and *Motion for Temporary Injuction*, ECF 24, be **DENIED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report*

*and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

      *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
May 12, 2015