**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GENERAL SMITH III,**

        **Petitioner,**

                                      **Case No. 2:14-cv-00554**

**v.**                                 **Judge Smith**

                                      **Magistrate Judge King**

**WARDEN, SOUTHEASTERN
CORRECTIONAL INSTITUTION,**

        **Respondent.**

<u>**REPORT AND RECOMMENDATION**</u>

        Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, as amended (ECF Nos. 1, 13), Respondent's *Return of Writ* (ECF No. 19)*,* Petitioner's *Traverse* and *Merit Brief* (ECF Nos. 21, 21-1), and the exhibits of the parties.

        For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedural History**

        This habeas corpus action arises out of Petitioner's convictions for aggravated robbery and attempted having a weapon while under a disability, Case No. 03-CR-05-3195, and attempted felonious assault, Case No. 09-CR-04-2547, in the Franklin County Court of Common Pleas. The Ohio Seventh District Court of Appeals, in its dismissal of Petitioner's habeas corpus petition, summarized the procedural history of the case as follows:

> In 2004, Smith pleaded guilty to aggravated robbery with a one-year firearm specification in the Franklin County Common Pleas Court case number 03CR–3195. Several other charges, including a charge of possession of a weapon while under disability, were dropped by the state. The court sentenced Smith to consecutive

terms of imprisonment of nine years for the aggravated robbery conviction and one year for the firearm specification for an aggregate term of ten years. Smith appealed, challenging the legitimacy of his guilty plea, and the Tenth District Court of Appeals affirmed Smith's conviction and sentence. *State v. Smith*, 10th Dist. No. 04AP–326 (Feb. 24, 2005) (Memorandum Decision).

In 2007, Smith filed a motion in the Franklin County Common Pleas Court seeking to vacate his 2004 guilty plea. The state and Smith reached a negotiated agreement reducing Smith's sentence by six months. The court allowed Smith to withdraw his plea of guilty to aggravated robbery with a one-year firearm specification and instead plead guilty to aggravated robbery and attempted possession of a weapon while under disability. In accordance with the agreement, the court sentenced Smith to consecutive terms of imprisonment of nine years for the aggravated robbery conviction and six months for the attempted possession of a weapon while under disability conviction for an aggregate term of nine years and six months.

In 2008, the Franklin County Common Pleas Court granted Smith judicial release and placed him on community control for a period of two years.

In 2009, Smith was charged with four counts of robbery in Franklin County Common Pleas Court case number 09CR–2547. These new criminal charges prompted the probation department to request revocation of Smith's community control in the 2003 case (case no. 03CR–3195). The parties reached a plea agreement. Smith pleaded guilty to attempted felonious assault and the state dropped the remaining charges. The court sentenced Smith to a four-year term of imprisonment for the attempted felonious assault conviction. Concerning the 2003 case, the court found that Smith had violated the terms of his community control and reimposed the previously stated prison term of nine years and six months. The court ordered the 2004 nine-year and six-months sentence to be served consecutively to the 2009 four-year sentence.

Smith appealed his newest conviction and both sentences. The Tenth District overruled Smith's contention that his 2004 sentence was void, but remanded the matter to the trial court to review its calculation of jail time credit. *State v. Smith,* 10th Dist. Nos. 10AP–143, 10AP–144, 2010–Ohio–4744.

*Smith v. Buchanan*, No. 13-no-399, 2013 WL 1804181, at *1 (Ohio App. 7th Dist. April 23, 2013).  On February 13, 2014, the Ohio Supreme Court dismissed Petitioner's appeal from that decision, summarizing Petitioner's other state collateral actions as follows:

> [E]ach time [Petitioner] loses in one forum, he commences litigation on the same issue in another court.
>
> In *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas,* 55 Ohio St.2d 94, 378 N.E.2d 162 (1978), this court held that Crim.R. 32.1 does not vest jurisdiction in a trial court to grant a motion to withdraw a guilty plea after the court of appeals has reviewed and affirmed the case. Based on *Special Prosecutors*, Smith argues that the trial court had no jurisdiction to accept his modified plea in 2007 or to resentence him.
>
> The Franklin County Court of Common Pleas has considered and rejected this argument twice. On February 3, 2011, Smith filed a motion to vacate his 2007 sentence based on *Special Prosecutors*. The trial court denied the motion. *Smith*, Franklin C.P. No. 03CR–3195 (Oct. 5, 2011). On May 22, 2012, Smith filed a "common law motion to vacate void judgment" and again argued the applicability of *Special Prosecutors*. And again the trial court denied the motion. *Smith*, Franklin C.P. No. 03CR–3195 (June 14, 2012).
>
> The Tenth District Court of Appeals has denied motions to vacate Smith's 2003 sentence based on *Special Prosecutors* at least three times: *State v. Smith*, 10th Dist. Franklin Nos. 10AP–143 and 10AP–144 (April 26, 2011), ¶ 3; *State v. Smith*, 10th Dist. Franklin No. 10AP–143 (June 28, 2011); *State v. Smith*, 10th Dist. Franklin Nos. 12AP–532 and 12AP–533 (March 19, 2013).
>
> The Seventh District Court of Appeals has considered this argument twice. In addition to the order from which Smith now appeals, that court previously ruled against him on the *Special Prosecutors* argument in 2012, stating that he had already challenged the validity of his 2007 conviction in an appeal and thus could not relitigate its validity in a habeas corpus action. *Smith v. State*, 7th Dist. Noble No. 11–NO–384, 2012-Ohio-1148, ¶ 11.
>
> In addition to multiple appeals to this court, Smith has commenced two prior original actions seeking writs of prohibition in this court, based on the same legal theory. The first, *Smith v. Sheward*, 130 Ohio St.3d 1483, 2011-Ohio-6277, 958 N.E.2d 175, he voluntarily

> dismissed. This court dismissed the second case, *Smith v. Sheward*, 131 Ohio St.3d 1454, 2012-Ohio-648, 961 N.E.2d 1133, on the merits. That dismissal operates as a judgment on the merits. *See State ex rel. O'Donnell v. Vogelgesang*, 91 Ohio App.3d 585, 587–588, 632 N.E.2d 1367 (12th Dist.1993).
>
> In its 2013 decision, the Tenth District Court of Appeals expressed the view that "any further challenges to the validity of those judgments would likely be frivolous in nature." *Smith*, 10th Dist. Franklin Nos. 12AP–532 and 12AP–533, at ¶ 25. And in the order appealed from in this case, the Seventh District expressly commented that Smith already had multiple opportunities to litigate his *Special Prosecutors* claim. *Smith v. Buchanan*, 2013-Ohio-1746, 2013 WL 1804181, ¶ 11.
>
> Smith has had ample opportunity to litigate this claim, and *res judicata* now bars his latest attempt.

*Smith v. Buchanan*, 138 Ohio St.3d 364 (Ohio 2014).

On June 11, 2014, Petitioner filed his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He alleges that his earlier conviction and sentence are void (claim one); that the trial court lacked jurisdiction to grant his motion to vacate guilty plea (claim two); that the trial court acted improperly in failing to reinstate the terms of his initial sentence (claim three); and that the trial court unconstitutionally modified the terms of his sentence (claim four). Petitioner claims that his sentence has now completely expired and he seeks his immediate release.  *Petition* (ECF No. 1, PageID# 23.)  Respondent contends that Petitioner's claims are barred by the one-year statute of limitations under 28 U.S.C. § 2244(d),  have been procedurally defaulted, or are without merit.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(emphasis added).

Respondent contends that claims one, two and four are time-barred.  In claim one, Petitioner alleges that the trial court had no authority, in November 2007, to modify the terms of his February 20, 2004 sentence.   (*See* ECF No. 19-1, PageID# 230); *Traverse* (ECF No. 21, PageID# 1464; *Merit Brief* (ECF No. 21-1, PageID# 1492.)  In claim two, Petitioner alleges that the trial court lacked jurisdiction to grant his motion to vacate his guilty plea in that case.  (*See* ECF No. 19-1, PageID# 359); *Petition* (ECF No. 1, PageID# 3, 15.)   In claim four, Petitioner alleges that the trial court lacked authority to modify the terms of his initial judgment of sentence.  *Amended Petition* (ECF No. 13-1, PageID# 140.)

All of these claims challenge the validity of the trial court's November 29, 2007, sentence imposed pursuant to the terms of Petitioner's negotiated guilty plea. Therefore, Petitioner's 2007 judgment of conviction became final under 28 U.S.C. §2244(d)(1)(A) on December 31, 2007, i.e., the date on which the time for filing an appeal expired. *See* Ohio R.App. P. 4(A); *see also Atkinson v. Warden, Chillicothe Correctional Institution*, No. 2:14-cv-1230, 2015 WL 3743016, at 2 (S.D. Ohio June 15, 2015)(citing *Groves v. Ohio Adult Parole Authority*, No., 2011 WL 5005992, at *2 (S.D. Ohio Sept. 26, 2011); *Hale v. Warden, London Corr. Inst*., No. 1:05cv213, 2006 WL 3230856, at *8 (S.D. Ohio Nov.6, 2006)); *Nunez v. Coleman*, No. 2014 WL 809206, at *3 (N.D. Ohio Feb. 25, 2014). The statute of limitations therefore began to run the following day, and expired one year later, *i.e.,* on January 1, 2008. Because this habeas corpus action challenging that conviction and sentence was not filed until 2014, these claims are untimely.

Petitioner argues that these claims are not time barred because he was not in custody on the 2007 sentence until January 27, 2010, when the trial court revoked his community control. *Traverse* (ECF No. 21, PageID# 1468.) Petitioner is mistaken in this regard. Regardless of whether the trial court subsequently granted Petitioner release on community control or later revoked the terms of his community control and re-imposed the terms of the 2007 sentence, Petitioner remained subject to that conviction and sentence during that entire period of time.

Petitioner also asserts "that all actions of the trial court subsequent to the original conviction and sentence are void." *Merit Brief* (ECF 21-1, PageID# 1487.) Liberally construing Petitioner's assertion in this regard as a challenge to the trial court's January 27, 2010 revocation of the terms of his community control and re-imposition of the terms of his 2007 (and allegedly void) sentence, and even assuming that none of his claims are barred by the one-year statute of

limitations under 28 U.S.C. § 2244(d), the Court nevertheless concludes that Petitioner's claims are without merit.

Although Petitioner invokes the United States Constitution, the claims actually raised by him in this case, *i.e.,* whether the trial court had the authority under state law to grant Petitioner's motion to vacate sentence and to impose a new sentence in 2007, to grant him judicial release or to thereafter revoke the terms of that release, all involve matters of state law that do not provide a basis for federal habeas corpus relief. The United States Supreme Court has never held that, under the federal Constitution or laws of the United States, a state criminal defendant's conviction is rendered void or that the terms and conditions of a state criminal defendant's conditional release cannot be revoked upon the filing of new charges or under the circumstances presented in this case.

A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id*. (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). It is only where the alleged error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988). Such are not the circumstances here.

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).


  *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
August 14, 2015